UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KYLE RICHARDS,

                Plaintiff,                Case No. 1:13-cv-571

v.                                        Honorable Janet T. Neff

THE FOLKS NATION et al.,

                Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED _IN FORMA PAUPERIS_ - THREE STRIKES**

Plaintiff Kyle Richards, a prisoner incarcerated at Bellamy Creek Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed _in forma pauperis_.  Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding _in forma pauperis_ under 28 U.S.C. § 1915(g).  The Court will order Plaintiff to pay the $400.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice.  Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with _In re Alea_, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding _in forma pauperis_.  As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder  and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing

*Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

   Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the court entered dismissals because the actions were frivolous, malicious, or failed to state a claim. *See, e.g., Colar et al. v. Hienz et al.*, No. 1:12-1197 (W.D. Mich. Mar. 5, 2013); *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 13, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* in more than one case because he has three strikes. *See Richards v. Arp. et al.*, No. 1:13-cv-171 (W.D. Mich. Apr. 27, 2013); *Richards v. United States*, No. 2:11-cv-12522 (E.D. Mich. June 20, 2011). Thus, the Court must analyze the complaint to determine whether the allegations therein satisfy the exception to the three-strikes rule for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In doing so, the Court recognizes that the imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading, *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)), and that Plaintiff is entitled to have his complaint liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)).

   Plaintiff sues "The Folks Nation" and "The People's Nation," which he claims are corrupt criminal organizations that operate gangs in Michigan prisons. According to the complaint, these gangs have threatened to murder Plaintiff and have offered a $1,000.00 reward for the murder.

Plaintiff has been placed in protective custody at the prison.  He alleges, however, that protective custody will not guarantee his safety and he remains at risk.

Assuming that Plaintiff's allegations are true and that he remains in imminent danger despite his placement in protective custody, Plaintiff fails to demonstrate entitlement to the exception because he cannot prevail on his claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814.  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself."  *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  In the instant case, Plaintiff sues only private gang organizations.  He has not presented any allegations by which the gangs' conduct could be fairly attributed to the state.  The Supreme Court has repeatedly insisted that, "the under-color-of-state-law element of 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (citations omitted).  As a consequence, it would be futile to grant Plaintiff an imminent-danger exception to the three-strikes rule, as any danger he faces is not caused by a state actor and is not actionable under § 1983.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00.  When Plaintiff pays his filing fee, the Court

will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff

fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but

he will continue to be responsible for payment of the $400.00 filing fee.


Dated:  June 18, 2013                                         /s/ Janet T. Neff
                                                                          Janet T. Neff
                                                                          United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**